IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KEVIN ANTHONY MOORE,
    Plaintiff,

vs.                                                  Case No. 5:10cv38/RH/EMT

FEDERAL BUREAU OF PRISONS, et al.,
    Defendants.
_____/

## ORDER

Plaintiff, a non-prisoner proceeding pro se, commenced this action by filing a civil rights complaint (*see* Doc. 1). The court construes Plaintiff's complaint as brought pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

Plaintiff has failed to use the court-approved form for filing his complaint. Local Rule 5.1(J) for the Northern District of Florida states that the court will not accept for consideration a civil action commenced by pro se litigants under 28 U.S.C. § 1331 unless the appropriate complaint form has been properly completed, signed, and filed by the litigant. Thus, Plaintiff must file his complaint on the form, even if he wishes to attach separate pages explaining the facts that underlie the complaint.

If Plaintiff wishes to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "Amended Complaint." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation,

alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint. Plaintiff's request for relief should be limited to only that which he could recover if he succeeds on his claims. Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded. N.D. Fla. Loc. R. 15.1.

Accordingly, it is **ORDERED**:

1. The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by non-prisoners in actions under 42 U.S.C. § 1983 or under 28 U.S.C. § 1331 or § 1346. This case number should be written on the form.

2. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and titled "Amended Complaint."

3. Plaintiff's failure to file an amended complaint may result in a recommendation that this action be dismissed for failure to comply with a court order.

**DONE AND ORDERED** this 3rd day of March 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**