IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KEVIN ANTHONY MOORE,
    Plaintiff,

vs.                                                            Case No. 5:10cv38/RH/EMT

FEDERAL BUREAU OF PRISONS, et al.,
    Defendants.
_____/

**O R D E R**

    Plaintiff, a non-prisoner proceeding pro se, commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). As directed by the court, he has now filed an amended complaint (Doc. 8). Plaintiff has also filed a Motion to Proceed in Forma Pauperis (Doc. 9), on which the court shall defer ruling pending Plaintiff's response to the instant order.

    By order dated October 15, 2009, the Honorable M. Casey Rodgers adopted this court's September 29, 2009, Report recommending dismissal of Moore v. Lappin, Case No. 3:08cv344/MCR/EMT (*see* Case No. 3:08cv344/MCR/EMT, Docs. 20 and 22), another case filed by the instant Plaintiff. Both the earlier case and this one present essentially the same claim: that, based on actions taken by the Bureau of Prisons prior to Plaintiff's release from its custody in 1999, Plaintiff is now being unlawfully required to register as a sex offender in the State of Florida.[1] As recommended by this court, Judge Rodgers dismissed Case No. 3:08cv344/MCR/EMT on two grounds: (1) that his constitutional claim brought pursuant to Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), was frivolous

---

[1] In the prior case Plaintiff requested as relief a court order requiring the Bureau of Prisons to notify the appropriate Florida officials that he is not and never has been required to register as a sex offender. In the instant case, Plaintiff seeks monetary damages as relief.

because it was barred by the applicable statute of limitations; and (2) that the court lacked subject matter jurisdiction to hear a claim under the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.* Plaintiff appealed Judge Rodgers' order to the Eleventh Circuit Court of Appeals (*see* Case No. 3:08cv344/MCR/EMT, Doc. 24). On March 12, 2010, the Eleventh Circuit denied Plaintiff's motion for leave to proceed in forma pauperis on appeal, stating that the appeal is frivolous (*id.,* Doc. 36).

The doctrine of "[r]es judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding." Ragsdale v. Rubbermaid, Inc., 193 F. 3d 1235, 1238 (11th Cir. 1999). The purpose behind this doctrine "is that the full and fair opportunity to litigate protects a party's adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.* (quotations and alteration omitted). The doctrine of res judicata bars a subsequent action if the following four elements are present: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties or those in privity with them were identical in both suits; and (4) the prior and present causes of action are the same. Davila v. Delta Air Lines, Inc., 326 F. 3d 1183, 1187 (11th Cir. 2003). "A final decision is 'one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" Pitney Bowes, Inc. v. Mestre, 701 F. 2d 1365, 1368 (11th Cir. 1983) (citation omitted). A dismissal without prejudice is not an adjudication on the merits and thus does not have a res judicata effect. *See* Hughes v. Lott, 350 F. 3d 1157, 1161 (11th Cir. 2003). However, as in Case No. 3:08cv344/MCR/EMT, when an order "has the effect of precluding [the plaintiff] from refiling his claim due to the running of the statute of limitations . . . [t]he dismissal [is] tantamount to a dismissal with prejudice." Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B 1981).[2]

Here, it appears that Plaintiff's instant case is barred by the doctrine of res judicata and that he therefore should not be permitted to refile his claim. Before the court proceeds to recommending dismissal of this action on such grounds, however, as well as on the same or similar grounds outlined in the Report dated September 9, 2009, in Case No. 3:08cv344/MCR/EMT, Plaintiff shall be given

---

[2] The decisions of the former Fifth Circuit rendered before October 1, 1981 are binding on this circuit. Bonner v. City of Prichard, 661 F. 2d 1206, 1207 (11th Cir. 1981) (en banc).

Case No. 5:10cv38/RS/EMT

the opportunity to respond, keeping in mind that the Eleventh Circuit has already ruled that the appeal in Case No. 3:08cv344/MCR/EMT is frivolous. Alternatively, rather than filing a response, Plaintiff may simply elect to voluntarily dismiss this action by filing a notice of dismissal pursuant to Fed. R. Civ. P. 41(a)(1).

Accordingly, it is **ORDERED**:

1. Plaintiff shall file a response to this order no later than **APRIL 28, 2010.** Alternatively, if Plaintiff elects to voluntarily dismiss this action, by the same date he should file a notice of dismissal pursuant to Fed. R. Civ. P. 41(a)(1).

2. Plaintiff's failure to comply with the court's order may result in a recommendation that this case be dismissed for failure to comply with an order of the court.

**DONE AND ORDERED** this 31st day of March 2010.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**